UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ERNESTO MUNGUIA CASTILLO,                                     :
individually and on behalf of others similarly situated,     :
                                                             :
                                Plaintiff,                   :     **REPORT AND RECOMMENDATION**
                                                             :
                      - against -                            :           19 Civ. 2421 (LDH) (VMS)
                                                             :
GOLDEN THAI INC. (D/B/A GOLDEN THAI),                        :
COCO THAI INC. (D/B/A COCO THAI),                            :
THAI ME INC. (D/B/A THAI ME),                                :
JOHN VASCONEZ, and JANE DOE,                                 :
                                                             :
                                Defendants.                  :
------------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Ernesto Munguia Castillo ("Plaintiff") commenced this action against Golden

Thai Inc. d/b/a Golden Thai, Coco Thai Inc. d/b/a Coco Thai, Thai Me Inc. d/b/a Thai Me, John

Vasconez, and Jane Doe (collectively, "Defendants"), alleging violations of the Fair Labor

Standards Act ("FLSA"), New York Labor Law ("NYLL") and regulations promulgated

thereunder.  Before the Court is Plaintiff's voluntary dismissal without prejudice under Rule

41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.  For the reasons set forth below, this

Court respectfully recommends that this case be dismissed without prejudice.

## I.      BACKGROUND

According to Plaintiff, he was employed by Defendants as a delivery worker between

approximately January 18, 2018 and March 27, 2019.  ECF No. 1, Complaint ("Compl.") ¶¶ 1-5,

43-44.  Defendants operate three Thai restaurants located in the Bushwick, South Slope and

Sumner Houses neighborhoods of Brooklyn.  Id. ¶¶ 2-3, 30.  Individual defendants John

Vasconez and Jane Doe are allegedly owners, officers and/or agents of the corporate defendants

1

who possess operational control over the corporate defendants, possess ownership interests in the corporate defendants, and control significant functions of the corporate defendants.  Id. ¶¶ 28-29, 31.

Plaintiff commenced this action against Defendants asserting eleven causes of action pursuant to the FLSA, NYLL and regulations promulgated thereunder alleging, among others, that Defendants failed to pay minimum wage.  Id. ¶¶ 96-145.  Plaintiff served the summons and Complaint on Defendants shortly thereafter.  See ECF Nos. 5-8.  Defendants failed to answer or otherwise respond to the Complaint by the response deadlines.  See Dkt. Entry 7/3/19; Dkt. Entry 7/26/19.

Plaintiff filed a notice of voluntary dismissal.  See ECF No. 11.  The Honorable LaShann DeArcy Hall referred the stipulation of voluntary dismissal to the undersigned to determine: (1) whether the stipulation was filed pursuant to a settlement agreement; and (2) if so, to allow for a review of the settlement terms pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  In light of District Judge DeArcy Hall's Order, this Court held a conference with counsel for Plaintiff, Michael Faillace, appearing in person and Plaintiff appearing by telephone. See Dkt. Entry 10/4/19; ECF No. 14.  There was no appearance for Defendants.  See Dkt. Entry 10/4/19; ECF No. 14.

## II.    DISCUSSION

### A.  The Notice of Voluntary Dismissal Without Prejudice Withstands Cheeks Review

Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure provides:

Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
    (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
    (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).  In Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), the Second Circuit Court of Appeals held that parties may only settle FLSA claims with prejudice under Rule 41(a)(1)(A)(ii) with approval of the court or supervision of the Department of Labor.  Id. at 206 ("Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.").  Cheeks's primary concern was protecting employees, even where they were represented by counsel, in order to "prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees."  Id. at 207.  To obtain approval of a settlement under Cheeks review, parties must demonstrate that their agreement is "fair and reasonable."  Beckert v. Ronirubinov, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  Although Cheeks expressly reserved decision with respect to voluntary dismissals without prejudice under Rule 41(a)(1)(A), 796 F.3d at 201 n.2, and has not yet resolved the issue, some courts in this Circuit, as here, have applied Cheeks review to voluntary dismissals without prejudice.  See, e.g., Carson v. Team Brown Consulting, Inc., -- F. Supp. 3d --, 2017 WL 11485513, at *1 (E.D.N.Y. Sept. 30, 2017) (ordering Cheeks review of notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) to ensure it is not used "as a mechanism to effect an end-run around the policy concerns articulated in Cheeks"); De Jesus v. Magnetic Contracting Corp., No. 19 Civ. 1842 (ILG) (RER), 2019 WL 473703, at *2 (E.D.N.Y. Sept. 27, 2019) (ordering Cheeks hearing for court to "assure itself that dismissal without prejudice is not an intended evasion of Cheeks").

Here, the dismissal without prejudice does not appear to be an intended evasion of judicial review required by Cheeks.  During the conference, this Court asked Plaintiff's counsel Mr. Faillace what happened outside of court that led to Plaintiff's voluntary dismissal.  ECF No.

13, Transcript ("Tr.") 3:6-8.  Mr. Faillace responded that his client, after filing suit, decided that

he no longer wanted to prosecute his claims against Defendants.  Id. 3:18-4:4.  Plaintiff echoed

Mr. Faillace, stating:

> I canceled it.  I don't want any more.  I didn't want to do it because of my health.
> I wanted it but then I didn't want it and I didn't want it because of my health.

Id. 6:17-20.  This Court also inquired whether Plaintiff settled with Defendants "behind the

scenes."  Id. 4:5-6.  Mr. Failla answered in the negative: "the client simply said I don't want the

lawsuit any more."  Id. 4:7-18.  Plaintiff also answered in the negative when asked whether

anyone gave him money to end the lawsuit.  Id.  6:21-23.  Based on the statements made by Mr.

Failla and Plaintiff at the conference, this Court concluded that "there was not a settlement

outside of the review of the court."  Id. 8:15-21.

Further, this Court has assured itself that the policy concerns articulated in Cheeks are not

present in this case.  When asked whether anyone put pressure on him to discontinue the lawsuit,

Plaintiff answered no.  Id. 6:24-7:1.  When asked whether anyone made any promises to him in

exchange for discontinuing the lawsuit, Plaintiff also answered no.  Id. 7:2-5.  Plaintiff confirmed

that his dismissal is voluntary, and of his own free will.  Id. 7:6-8.  Plaintiff also confirmed that

that it was in his best interest to discontinue the lawsuit: "Yes, until my health became better I

wanted to take – I wanted to remove [the lawsuit]."  Id. 7:9-14.

In addition, as to the statute of limitations, which sometimes gives courts pause when

actions are voluntarily dismissed, there is not a significant issue in this case.  See Carson, 2017

WL 11485513, at *3 (finding that stipulation of dismissal without prejudice triggers Cheeks

policy concerns where plaintiff's statute of limitations may have run since the commencement of

the action).  Most FLSA claims are governed by a two-year statute of limitations.  See 29 U.S.C.

§ 255(a); Carson, 2017 WL 11485513, at *3.  For causes of action arising out of "willful"

violations, the FLSA provides a longer, three-year statute of limitations period.  See 29 U.S.C. §

255(a); Carson, 2017 WL 11485513, at *3 n.4.  "A cause of action under the FLSA accrues on

the regular payday immediately following the work period for which services were rendered and

not properly compensated."  Jones v. Paward Bros. Corp., No. 17 Civ. 3018 (PKC) (JO), 2020

WL 364168, at *10 (E.D.N.Y. Jan. 22, 2020) (citation omitted).  On the other hand, the statute of

limitations for violations under NYLL is six years.  See N.Y. Lab. L. §§ 198(3), 663(3); Perez v.

50 Food Corp., No. 17 Civ. 7837 (AT) (BCM), 2019 WL 7403983, at *9 (S.D.N.Y. Dec. 4,

2019) (limiting plaintiff's recovery under NYLL for unpaid overtime to work performed within

the six years prior to commencement of action); Doo Nam Yang v. ACBL Corp., 427 F. Supp.

2d 327 (S.D.N.Y. 2005) (applying six-year statute of limitation to plaintiff's NYLL claims).  The

statute of limitations will continue to run while the action is voluntarily dismissed.  Some of

Plaintiff's non-willful FLSA claims may be barred as of January 18, 2020, but his claims for

willful violation would be timely if re-asserted by January 17, 2022, and his NYLL claims would

be timely if re-asserted by January 17, 2025.[1]  Thus, as to most of Plaintiff's claims, a voluntary

dismissal without prejudice does not have the potential preclusive effect of a dismissal with

prejudice.

Based on the conference held with Plaintiff and his counsel, this Court finds that a

voluntary dismissal without prejudice would not be unfair or unreasonable to the Plaintiff.  This

---

[1] This Court notes that these estimated dates do not take into the account the possibility that
Plaintiff's statute of limitations was tolled by filing of the Complaint in this action.  See, e.g.,
N.Y. Lab. L. § 198(3) (noting tolling of statute of limitations upon plaintiff filing complaint); 4
Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1056 (4th ed. 2019) ("If the
federal statute is silent as to when the statute of limitations is tolled, then the absence of a
statutory standard [] would make the test for commencement in Rule 3 [of the Federal Rules of
Civil Procedure] applicable.").  They also do not consider the possibility that the claims accrued
on a payday subsequent to January 18, 2018.

Court respectfully recommends that this case be dismissed without prejudice pursuant to Rule 41(a)(2).

**B.  Dismissal Without Prejudice Pursuant To Rule 41(a)(2) Is Proper**

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request "by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  That rule further provides that, unless the order states otherwise, the dismissal is without prejudice.  Id.  Although voluntary dismissal without prejudice is not a matter of right, "the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result."  Paulino v. Taylor, 320 F.R.D. 107, 109 (S.D.N.Y. 2017); see D'Alto v. Dahon Cali., Inc., 100 F.3d 281, 283 (2d Cir. 1996) ("A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed if the defendant will not be prejudiced thereby.") (internal quotation marks & citation omitted).  The focus of the analysis on a motion for voluntary dismissal is any prejudice to the defendant.  See Paulino, 320 F.R.D. at 109. The Supreme Court and the Second Circuit have recognized that "starting a litigation all over again does not constitute legal prejudice."  D'Alto, 100 F.3d at 283.

The Second Circuit has set forth five factors to assist a court in determining whether a defendant will suffer legal prejudice: "[1] the plaintiff's diligence in bringing the motion; [2] any undue vexatiousness on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expenses of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss."  Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).  Where, as here, plaintiff may have the right to renew the claims against the nonmoving party, these factors apply.  Paulino, 320 F.R.D. at 110.

Here, the record is devoid of any indication that the defaulting Defendants would be prejudiced by dismissal of Plaintiff's claims. Indeed, all five factors weigh in Plaintiff's favor, and justify dismissal without prejudice. Moreover, Defendants did not appear at the conference to be heard on this issue.

As to the first factor, Plaintiff was diligent in bringing his request for dismissal. Plaintiff commenced this action in April 2019, served process in May 2019, and filed his notice of voluntary dismissal in August 2019. Compare ECF Nos. 1, 5-8 with ECF No. 11. Plaintiff also brought his request for dismissal before Defendants took any litigation steps. In fact, Defendants failed to answer or otherwise respond to Plaintiff's Complaint. See Dkt. Entry 7/3/19; Dkt. Entry 7/26/19. Based on these facts, the first factor weighs in favor of Plaintiff.

As to the second factor, Plaintiff did not act with undue vexatiousness. "Vexatiousness refers to instances in which a case is brought to harass a defendant or in which a plaintiff had an ill-motive." Luis v. Marabella Pizza, LLC, No. 18 Civ. 4052 (FB) (VMS), 2019 WL 4261946, at *3 (Aug. 23, 2019) (internal citations omitted), R&R adopted, 2019 WL 4261616 (E.D.N.Y. Sept. 9, 2019); see In re Fosamax Prods. Liab. Litig., No. 06 Civ. 5088 (JFK) (JCF), 2008 WL 5159778, at *3 (S.D.N.Y. Dec. 9, 2008) (finding no undue vexatiousness or ill-motive where there was no suggestion plaintiff filed or maintained her claims without a reasonable basis). Here, the record suggests that Plaintiff brought his claims against Defendants based on good faith. He alleges that, between January 2018 and March 2019, he worked for Defendants approximately 80 hours per week but was paid a fixed, weekly salary amount under minimum wage and without regard to his overtime hours. See Compl. ¶¶ 43, 50-53. These facts provide a reasonable basis for Plaintiff's claims for violation of the FLSA and NYLL.

The third factor clearly weighs in favor of Plaintiff.  Here, the case has not progressed beyond the pleading stage.  Indeed, as noted above, Defendants failed to answer or otherwise respond to Plaintiff's Complaint.  See Dkt. Entry 7/3/19; Dkt. Entry 7/26/19.  Thus, Defendants expended no effort or expense toward preparing this case for trial.

The fourth factor also weighs in favor of Plaintiff.  Because Defendants have not answered the Complaint or appeared in this case, presumably neither Plaintiff nor Defendants have incurred significant costs so far in this litigation.  Thus, this Court finds that there will be minimal duplicative expenses if Plaintiff were to relitigate this case.  See Patterson v. Cruz, No. 15 Civ. 9405 (ER), 2016 WL 6583702, at *2 (S.D.N.Y. Nov. 3, 2016) (finding that fourth Zagano factor weighs in plaintiff's favor where case had been pending in court for less than four months and discovery was in its early stages).

As to the final factor, Plaintiff has adequately explained his need to dismiss this case. Plaintiff has made clear that he no longer wishes to pursue this action because of his health and that discontinuing the case is in the best interest of his health.  Tr. 6:17-20, 7:9-14.  This Court finds that it would be unnecessarily punitive to Plaintiff to require that he expend additional time, money and energy at the expense of his health to litigate this case against defaulting Defendants.

This Court additionally notes that Plaintiff and Mr. Faillace confirmed that any outstanding financial issues have been resolved.  Tr. 7:15-23.  Mr. Faillace is not asserting a lien on Plaintiff's case files.  Thus, dismissing this case would not harm Mr. Faillace or the attorney/client relationship.

## III.    CONCLUSION

For the foregoing reasons, this Court respectfully recommends that this action be dismissed without prejudice.

## IV.     OBJECTIONS

A copy of this report and recommendation is being provided to Plaintiff's counsel via ECF.  The Court will mail a copy of this report and recommendation to Defendant Golden Thai, Inc. at 469 Irving Avenue, Brooklyn, New York 11237, Defendant Coco Thai, Inc. at 268 Prospect Park West, Brooklyn, New York 11215, Defendant Thai Me, Inc. at 918 Broadway, Brooklyn, New York 11206, and Defendant John Vasconez at c/o Thai Me, 918 Broadway, Brooklyn, New York 11206.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated:  Brooklyn, New York
         February 11, 2020

_____Vera M. Scanlon_____
          VERA M. SCANLON
          United States Magistrate Judge